UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-20313-CIV-MORENO

FARZAD MALEKMARZBAN a/k/a FARZARD MALEK,

    Plaintiff,

vs.

RICHARD LEVINE and JOSE CALDERIN,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss **(D.E. No. 13)**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED and the case DISMISSED without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff has failed to demonstrate that the amount in controversy in this matter exceeds $75,000.00.

### ANALYSIS

Title 28, section 1332 of the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [c]itizens of different States[.]" 28 U.S.C. § 1332(a)(1). Generally, to satisfy the amount-in-controversy requirement for diversity jurisdiction, a plaintiff must establish that a good faith estimated value of his or her claim(s) against a defendant exceeds the statutorily required amount. *E.g.*, *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*,

329 F.3d 805, 807 (11th Cir. 2003). To justify dismissal, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount[.]" *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

However, it is well-established that "where jurisdiction is based on a claim for indeterminate damages, the ... 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins.*, 329 F.3d at 807; *see also Bradley v. Kelly Services, Inc.*, 224 Fed. Appx. 893, 894-95 (11th Cir. 2007) (quoting *Federated Mut. Ins.* to dismiss for lack of jurisdiction); *Clarendon America Ins. Co. v. Miami River Club, Inc.*, 417 F.Supp.2d 1309, 1315 (S.D. Fla. 2006) (same).

Plaintiff concedes that the damages asserted in this claim are "unliquidated and therefore uncertain." [D.E. 15 at 1]. Therefore, Plaintiff carries the burden to prove "by a preponderance of evidence" that his claims meet the $75,000.00 amount-in-controversy requirement. *E.g.*, *Federated Mut. Ins.*, 329 F.3d at 807. Plaintiff has failed to do so here. In his Complaint, Plaintiff's affirmative evidence indicates the following: (a) a $10,000.00 investment to purchase 84 works of art. [D.E. 1, Ex. A]; and (b) a $12,400.00 tax credit for donations. [D.E. 1, Ex. B]. The tax credit is money already received, and therefore cannot be considered as part of the jurisdictional amount calculus other than, as Defendants correctly assert, to speculate as to what the value of the subject art could be.

Rather than setting forth additional evidence upon Defendants' jurisdictional challenge, Plaintiffs instead rely on their alleged "good faith belief that the value of the partnership property is over $75,000." [D.E. 16 at 2]. A "good faith belief" is insufficient when faced with Defendants'

objections, which are founded on Plaintiff's own evidence set forth in his Complaint, and the Court is therefore left to speculate as to how the amount-in-controversy *could* be met. *See Bradley*, 224 Fed. Appx. at 894-95 (affirming dismissal of complaint, noting the employee's speculation that her claims exceeded $75,000 did not satisfy burden of proving beyond a preponderance of the evidence that claims exceeded such an amount for purposes of subject matter jurisdiction); *Federated Mut. Ins.*, 329 F.3d at 808 (affirming dismissal of complaint where party failed to rebut jurisdictional arguments and could not prove by a preponderance of the evidence that claim was in excess of jurisdictional amount); *Clarendon,* 417 F. Supp. 2d at 1316 (finding plaintiff satisfied jurisdictional amount where the complaint and attachments to the complaint "expressly show[ed]" that defendant could face liability in excess of $75,000.00).

Plaintiff has failed to carry his burden to satisfy the amount-in-controversy requirement. Accordingly, the Court grants Defendants' Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and Plaintiff's Complaint is dismissed without prejudice.

DONE AND ORDERED in Chambers at Miami, Florida, this 17th day of April, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record